UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

JUAN REYES,

          Defendant.
-------------------------------------------------------X

MEMORANDUM AND ORDER

CR 03-851 (LDW)

Wexler, J.

Petitioner Juan Reyes ("Reyes") moves under FRCP 60(b)(6) to vacate the Court's denial of his 28 U.S.C. § 2255 petition, *see Reyes v. United States*, No. CV 10-3517, 2011 WL 5024584 (E.D.N.Y. Oct. 20, 2011) ("*Reyes I*"), because he claims that: (1) the U.S. Attorney's Office breached Reyes' plea agreement; and (2) there is newly discovered evidence demonstrating that the victim's injuries were not as severe as the victim's wife testified at Reyes' sentencing. The government opposes the motion. For the reasons below, the motion is denied.

I. BACKGROUND

As detailed in *Reyes I*, familiarity with which is assumed, Reyes is a member of La Mara Salvatrucha, "MS-13," street gang. He was charged with assaulting Ramon DeJesus ("DeJesus") on January 23, 2003 in a bar in Hempstead, New York. DeJesus suffered permanent and catastrophic injuries. On July 6, 2005, Reyes pled guilty to count three of a superseding indictment, charging him with Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 1959(a)(3). At the sentencing hearing on July 26,

2006, DeJesus's wife testified that her husband could not talk or move and that his doctors informed her that he would never wake up again. This Court sentenced Reyes to 15 years' imprisonment, an upward departure under Sentencing Guidelines § 5K2.2. *See* U.S.S.G. § 5K2.2 ("When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate.").

Following his sentence, Reyes appealed to the Second Circuit. In January 2007, Reyes' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Second Circuit denied Reyes' counsel's motion to be relieved and instructed counsel to "file a brief addressing whether the District Court double-counted the severity of the victim's injuries when it made an upward departure pursuant to U.S.S.G. Sec. 5K2.2." On August 18, 2008, Reyes' counsel filed a brief contending that this Court impermissibly double-counted the severity of DeJesus' injuries when it upwardly departed pursuant to U.S.S.G. § 5K2.2. By decision dated February 19, 2009, the Second Circuit rejected Reyes' counsel's argument and affirmed the judgment. The Second Circuit issued its mandate on March 13, 2009.

On July 26, 2010, Reyes filed the § 2255 motion, dated July 19, 2010, claiming that his conviction should be overturned based on (1) ineffective assistance of counsel, and (2) denial of contact with the El Salvadorian consulate, in violation of the Vienna Convention on Consular Relations. The government opposed the motion, arguing that the motion was procedurally barred, because it was not filed within the one-year limitations

period, and was without merit. The Court denied the § 2255 motion and declined to issue a certificate of appealability, because Reyes fails to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

In the present motion, Reyes claims that the U.S. Attorney's Office breached Reyes' plea agreement by violating its promise "to take no position" at sentencing. Reyes also claims that newly discovered evidence, alleged pictures of DeJesus showing him conscious and alert, demonstrate that DeJesus' injuries were not as severe as his wife stated at sentencing. The government opposes the motion, arguing that the claims are procedurally defective, time-barred, and without merit. The Court agrees with the government.

## II. DISCUSSION

As for the first claim (*i.e.*, breach of the plea agreement), the government argues that the claim is not proper under FRCP 60(b), because Reyes is improperly attempting to use FRCP 60(b) to challenge alleged deficiencies in his criminal proceeding and sentencing, when in reality his claim constitutes a second or successive § 2255 motion. In addition, the government argues that the claim is time-barred for failure to file within a reasonable time, as required by FRCP 60(c)(1). In any event, the government argues that the claim is without merit.

Although the Court agrees with the government that this claim is not properly

raised and is time-barred, even disregarding these defects, the Court finds no merit to the claim. The plea agreement provided that the government would (1) "take no position concerning where within the Guidelines range determined by the Court the sentence should fall"; and not to seek a sentence above 97 months. Reyes fails to allege any activity of the U.S. Attorney's Office evidencing a breach of these provisions of the plea agreement. Indeed, the U.S. Attorney's Office took no position as to the appropriate sentence, and the decision to upwardly depart pursuant to U.S.S.G. § 5K2.2 was the Court's alone.

As for the second claim (*i.e.*, newly discovered evidence), the government argues that the claim is not proper under FRCP 60(b)(6), but should have been raised under FRCP 60(b)(2). In addition, the government argues that FRCP 60(b)(2) imposes a one-year limitations period, and Reyes submitted this motion approximately 18 months after this Court denied his § 2255 motion and 46 months after the Second Circuit denied his appeal. In any event, the government argues that the claim is without merit.

Although the Court agrees with the government that this claim is not properly raised and is time-barred, even disregarding these defects, the Court finds no merit to the claim. The sentencing guidelines define a permanent or life-threatening bodily injury as an "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1, Comment.,

Application Note (1)(J). Even assuming that the pictures Reyes presents show that DeJesus has regained consciousness, they do not undermine the fact that DeJesus suffered catastrophic and permanent injuries, including the inability to walk, due to the brutal assault by Reyes. The injuries Reyes inflicted on DeJesus, even considering his alleged partial recovery, clearly warrant this Court's upward departure under U.S.S.G. § 5K2.2.

### III. CONCLUSION

For the above reasons, Reyes' motion is denied.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 26, 2013